UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


PABLO BAUER,

                    Plaintiff,

v.                                    Case No. 3:05-cv-1000-J-12HTS


SERGEANT JOSEPH F. SARDO,
et al.,

                    Defendants.
_____

## ORDER

     Plaintiff, an inmate incarcerated at Florida State Prison who is proceeding pro se, initiated this action by filing Plaintiff's Motion for Preliminary Injunction (Doc. #1) on October 3, 2005. Plaintiff asserts that the Defendants[1] have been retaliating against him for the past six months due to his attempts to grieve his claim that he was subjected to excessive force on March 7, 2005. The alleged retaliatory acts include false disciplinary reports, threats, unspecified physical and mental abuse, the use of chemical agents on August 30, 2005, and the failure to receive meals on August 30, 2005. Plaintiff seeks an order enjoining the Defendants from continuing their "wrongful actions" and requiring

---

     [1] Plaintiff has not filed a complaint in this case. Thus, other than the Defendant named in the caption of the case (Sergeant Sardo), the Court cannot ascertain the identities of the Defendants.

Dockets.Justia.com

his transfer to a "non-hostile environment." Plaintiff's Motion for Preliminary Injunction (Doc. #1) at 3.

The Court is of the opinion that Plaintiff has failed to comply with the strictures of Fed. R. Civ. P. 65(a) and Rule 4.06(b) of the Rules of the United States District Court for the Middle District of Florida. Further, Plaintiff has failed to set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Fed. R. Civ. P.65(c) and to submit a proposed form of a preliminary injunction prepared in strict accordance with the requirements contained in Fed. R. Civ. P. 65(d).

Plaintiff's Motion for Preliminary Injunction is due to be denied for the above-mentioned reasons. However, even assuming arguendo that Plaintiff properly filed his motion, the request for injunctive relief is due to be denied for the following reasons. Of course, "[to] support a preliminary injunction, a district court need not find that the evidence positively guarantees a final verdict in plaintiff's favor." Levi Strauss & Co. v. Sunrise Intern. Trading Inc., 51 F.3d 982, 985 (11th Cir. 1995). Instead, as the Eleventh Circuit has stated, the district court must determine whether four prerequisites for extraordinary relief have been established by the evidence:

> A TRO or preliminary injunction is appropriate where the movant demonstrates that:

> (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest.
> See Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).

Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir.) (per curiam) (footnote omitted), cert. denied, 534 U.S. 1072 (2001).    Furthermore, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites.    See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Plaintiff has not demonstrated that a preliminary injunction is necessary to prevent irreparable injury.    The Eleventh Circuit has "emphasized on many occasions, the asserted irreparable injury 'must be neither remote nor speculative, but actual and imminent.'" Siegel v. LePore, 234 F.3d 1163, 1176-77 (11th Cir. 2000) (per curiam) (quoting Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990)).    Here, Plaintiff makes unspecified claims of ongoing physical and mental abuse.    He does not allege any facts that would

support a finding of actual and imminent danger of irreparable injury.

Further, the decision of where to confine a particular inmate is certainly within the broad discretionary authority of the prison officials:

> Generally, "[custodial] officials have broad administrative and discretionary authority over the institutions they manage and . . . incarcerated persons retain only a narrow range of protected liberty interests." Hewitt, 459 U.S. at 467, 103 S.Ct. at 869. Moreover, inmates usually possess no constitutional right to be housed at one prison over another. Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Accordingly, the Supreme Court has found no constitutionally based liberty interest in the involuntary transfer of a prisoner to a different facility. See Montanye v. Haymes, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). . . .

Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989). This Court will not interfere with the day-to-day decision-making of the prison officials concerning the housing assignments of inmates as that is the type of decision which typically is made by prison administrators with the expertise to make these decisions, taking into account the safety and security of the prison staff and inmates.

Finally, as noted previously, Plaintiff did not file a complaint in this case. He states that he will hereinafter file a complaint after he has exhausted his administrative remedies. On April 26, 1996, the President signed into law the Prison Litigation

Reform Act, which amended The Civil Rights of Institutionalized

Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative
> Remedies. No action shall be brought with
> respect to prison conditions under section
> 1979 of the Revised Statutes of the United
> States (42 U.S.C. 1983), or any other Federal
> law, by a prisoner confined in any jail,
> prison, or other correctional facility until
> such administrative remedies as are available
> are exhausted.

42 U.S.C. § 1997(e). Here, Plaintiff admits that he is currently

pursuing his administrative remedies. Clearly, Plaintiff must

fully exhaust his administrative remedies **before** initiating an

action in this Court.

Therefore, for all of the above-stated reasons, Plaintiff's

Motion for Preliminary Injunction (Doc. #1) will be denied and this

case will be dismissed without prejudice.

It is now

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion for Preliminary Injunction (Doc. #1)

is **DENIED.**

2.   This case is hereby dismissed **without prejudice.**

3.   The **Clerk of Court** shall send a "Civil Rights Complaint

Form," an "Affidavit of Indigency" form, and a "Prisoner Consent

Form and Financial Certificate" to Plaintiff. If Plaintiff elects

to file his claims in a separate action after he fully exhausts his

administrative remedies, he may complete and submit these forms.

Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to submit a civil rights complaint. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

    4.   The Clerk of the Court shall enter judgment dismissing this action without prejudice and close this case.

    **DONE AND ORDERED** at Jacksonville, Florida, this 5TH day of October, 2005.

Howell W. Melton
UNITED STATES DISTRICT JUDGE

ps 10/4
c:
Pablo Bauer